IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaDERRICK DAVID SUTTON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. THOMAS, et al.,<br><br>    Defendants. | No. 2:24-CV-2755-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff LaDerrick Davis Sutton names the following individuals as defendants: (1) D. Thomas,[1] a correctional officer at Mule Creek State Prison (MCSP), (2) D. Crozier, a correctional officer at Mule Creek State Prison, (3) D. Tovar, a correctional officer at MCSP, (4) C. Jimenez, a correctional officer at MCSP, and (5) M. Soriano-Figueroa, a sergeant, presumably at MCSP. See ECF No. 1, at 2-4. Plaintiff alleges staff misconduct, cruel and unusual punishment, intent to harm, and retaliation. See id. at 4.

Plaintiff asserts one claim arising out of an altercation with correctional officers on July 3, 2024, outside the showers at MCSP. See id. at 5. Plaintiff claims that after he allegedly[2] battered an unnamed correctional officer, other correctional officers used excessive force in restraining him. See id. Specifically, Plaintiff claims that Defendant D. Thomas punched Plaintiff on the right side of his face and pushed his face into dirty shower water after he had been placed in restraints, see id. at 6, 7-8, that Defendant D. Crozier repeatedly punched him in the side while he was held down, see id. at 6, and that other correctional officers "pilled [sic]" onto him. Id. at 6. Plaintiff further claims that correctional officers twisted his wrist and caused injury to his wrists and ankles by tightening the restraints used—handcuffs and shackles, respectively—to their maximum extent. See id. at 6, 8. Plaintiff asserts that he was then brought to a holding cage by M. Soriano-Figueroa where he remained painfully restrained—legs shackled and arms handcuffed

---

[1] Also referred to as "J. Thomas." See, e.g., id. at 6.
[2] "Allegedly" used by Plaintiff. Id. at 5. See also id. at 19 (also used in administrative grievance with the prison).

2

behind his back—for three (3) to four (4) hours.[3] See id. While not mentioned in his complaint, Plaintiff claimed in his administrative grievance with the prison that his repeated requests to remove his restrains while in the holding cage were ignored. See id. at 19. Plaintiff also claims that he was denied medical attention immediately after the event and did not receive such help until he was transferred to California State Prison, Corcoran. See id. at 9. Finally, Plaintiff asserts that the events were captured on CCTV footage, see id. at 6, 8, and that other inmates may have witnessed the scene, see id. at 8.

## II. DISCUSSION

The Court finds that Plaintiff's complaint states potentially cognizable claims against Defendants Thomas, Crozier, and Soriano-Figueroa for excessive force in violation of the Eighth Amendment. As discussed below, however, the Court finds that Plaintiff has failed to allege facts establishing a causal link between any other named defendant and a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

---

[3]     Plaintiff claimed 4-5 hours in his administrative grievance with the prison. See id. at 19.

1    In his complaint, Plaintiff set forth specific facts as to Defendants Thomas, Crozier, and Soriano-Figueroa. Plaintiff specifically alleges that Defendant Thomas punched him on the right side of his face and pushed his face into dirty shower water after he had been placed in restraints. Plaintiff also specifically alleges that Defendant Crozier repeatedly punched him in the side while he was held down. Plaintiff further specifically alleges that Defendant Soriano-Figueroa brought him to a holding cage and failed to remove his restrains for several hours. These specific allegations are sufficient to establish a causal link between Defendants' conduct and the alleged constitutional deprivation.

However, Plaintiff has not mentioned any other defendant by name in the complaint and merely referencing to "defendants" collectively fails to put any specific named defendant on notice. Indeed, Plaintiff's complaint concedes that he "honestly did [not] get to see every [correctional officer,] there were many[,] [and] [Plaintiff] only know[s] of the ones in [his] report and the 3" named Defendants that he saw. See ECF No. 1, at 6. Accordingly, as to Defendants Tovar and Jimenez, Plaintiff has only made "[v]ague and conclusory allegations of official participation in civil rights violations," Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982), which are insufficient to satisfy the standard required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2).

### III. CONCLUSION

For the above stated reasons, the Court finds that Plaintiff's complaint states potentially cognizable claims against only Defendants Thomas, Crozier, and Soriano-Figueroa and Plaintiff's complaint against these Defendants for excessive force in violation of the Eighth Amendment may proceed. However, the Court finds that Plaintiff has failed to allege facts establishing a causal link between Defendants Tovar and Jimenez and a constitutional violation, and Plaintiff's complaint against them, as currently drafted, cannot proceed unless amended.

///

///

///

But because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: January 23, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE